## WITTY *v.* ELLSBERRY DRAINAGE DISTRICT.

[89 South. 268,   No. 21950.]

1. STATUTES. *Drainage Act held not a local, private, or special law relating to water courses.*

Chapter 39, Code of 1906, when the drainage district involved in this case was organized, in 1907, was a local law, because section 1727 of said chapter 39 expressly excepted certain counties from the operation of said chapter; but since the amendments thereto by chapter 196, Laws of 1912 (sections 4264 to 4332, inclusive, Hemingway's Code), and especially section 12, Laws of 1912

(section 4320, Hemingway's Code), which expressly repeals said section 1727, chapter 39, Code of 1906, it is a general law applying to the entire state as well as to all drainage districts organized under said act, whether organized prior or subsequent to the amendments thereto; therefore said act is not violative of paragraph (q), section ⌐0, of the Constitution of Mississippi, prohibiting local, private, or special laws relating to water, although such act deals with natural water courses.

2. DRAINS.  *District bonds held not invalid because not authorized by majority of electors; "municipality;" "taxing district."*

The fact that the bonds, the issuance of which was provided for by the drainage commissioners, and their action in that respect ratified by the chancery court as provided for by the said act, were not previously authorized by a majority of the qualified electors of such drainage district, does not render them invalid under section 2, chapter 209, Laws of 1918, which provides, "That no interest bearing debt, except as provided in section 1 of this act shall be incurred in any county, municipality or other taxing district, unless authorized by a majority of the electors who shall vote in an election called for that purpose," because a drainage district is not a municipality nor a taxing district in the meaning of said act, as held in *Huston* v. *Mayo*, 120 Miss. 523, 82 So. 334.

APPEAL from chancery court Leflore county.

HON. G. E. WILLIAMS, Chancellor.

Petition by the Ellsberry Drainage District to ratify a reapportionment of benefits. Decree of ratification and F. M. Witty appeals. Affirmed and remanded.

*F. M. Witty,* for appellant.

In my brief heretofore filed, I have stated without more, that in my opinion, the plan of the drainage commissioners is not in accord with section 1683, Mississippi Code of 1906, as amended section 4264, Hemingway's Code.

The above section as originally enacted was as follows: "Drainage districts may hereafter be organized in this state for the purpose of reclaiming wet, swamp and overflowed land for agriculture and sanitary purposes, in the manner following." Section 1683, Mississippi Code of 1906.

Then follows the statutory scheme, and finally it is pro-
vided by section 1712: "The commissioners may, after the
organization of said district, do any and all acts that may
be necessary in and about the surveying, laying out, con-
structing and repairing, altering, enlarging, cleaning, pro-
tecting and maintaining any drain or ditch or other work
for which they have been appointed; and they and their suc-
cessors shall have charge of said ditch in perpetuity, and
shall annually see that the same is cleaned out, and all
obstructions, brush, willow or other growth removed there-
from, to the end that such ditches shall be kept thoroughly
cleaned and in good repair so as to perfectly drain said
lands, and they may make additional assessments from
time to time as necessity may require, to pay for the ex-
pense of maintaining, cleaning out and keeping in repair
the ditches of said district." Section 1712, Mississippi,
Code of 1906.

This court has held that where the statute under which
two drainage districts were organized, confers no authori-
ty upon the commissioners to deal with natural water
courses, but are designed solely for the purpose of creating
artificial channels for the drainage of wet, swamp and over-
flowed lands, the drainage commissioners of one district
have no authority to contribute to the expense incurred by
another district in cleaning, straightening and deepening
a natural water course which constitutes the outlet for the
waters of the two drainage districts. *Ex parte Drainage
Commissioners,* 100 Miss. 821, 52 So. 223; *Haley* v. *Drain-
age Commissioners of Leflore County,* 55 So. 253, 99 Miss.
556.

It has also been held by this court as follows: "Laws
1910, chapter 183, creates a special drainage district to
provide effectual drainage by artificial drains or other
drainage facilities, and provides for a commission to de-
velop a drainage system by artificial canals and by improv-
ing all natural drains. Held that the words "natural
drains" as so used, meant a natural water course, includ-
ing creeks, streams, brooks or rivers, and that the act was

therefore in violation of constitution section 90, para-
graph "Q" prohibiting the legislature from passing special
laws relating to water courses." *Belzoni Drainage Com-
missioners* v. *Wynne,* 53 So. 778, 98 Miss. 359.

The record in the present case shows that "it is the pur-
pose of the drainage commissioner not only to alter, deepen,
improve, repair and enlarge, said drainage ditches, but also
to alter, deepen and improve the drainage through Turkey
Bayou, Hottullem Brake to Quiver River, for the purpose
of carrying out the plan of said drainage district."

This plan was approved by the commissioners and is ap-
proved by the chancellor in the decree appealed from. The
point that I mean to make, is that it is proposed here to
drain these natural bayous, to-wit Turkey Bayou and Hot-
tellum Brake, and that the drainage commissioners are
lacking in authority, certainly under the code section above
quoted, from Mississippi Code of 1906.

I am aware that this section has been amended as is now
set out in section 4264, Hemingway's Code, but I submit
that this provision for drainage of natural water courses,
as this section seems to do, and to provide power "to alter,
deepen and improve any and all natural drains and water
courses as this section seems to do, and to provide power
to alter, deepen and improve any and all natural drains
and water courses as may be necessary," to alter, deepen or
improve, is in violation of section 90, paragraph "Q" of the
Constitution of Mississippi, and as authority for this con-
clusion, I beg to cite the case of *Belzoni Drainage Commis-
sioners* v. *Wynne,* 53 So. 778.

It is also submitted that Laws of. Mississippi 1918,
chapter 209, render an election necessary. Section 2 of
this Act of the legislature provides: "That no interest-
bearing debt, except as provided in section 1 of this act
shall be incurred in any county, municipality or other
taxing district, unless authorized by a majority of the
electors who shall vote in an election called for that pur-
pose. Laws of Miss. 1918, chapter 209, section 2.

I am aware of the decision of this court in *Houston* v. *Mayo*, 82 So. 334.   This case was a decision of this court, in which the issuance of bonds under Laws 1914, Chapter 269, Hemingway's Code 4434, et seq. was involved.   The one here involved is that law provided by chapter 39 of Mississippi Code of 1906, as amended, and it is respectfully submitted that the decision in *Houston* v. *Mayo, supra,* does not include the act here in question.   It of course, does not appear that any election was held, or sought to be held, and for that reason, I respectfully submit that the action of the drainage commissioners is unlawful.
pose.

*Gardner, McBee & Gardner,* for appellee.

Is section 4264, Hemingway's Code, authorizing drainage commissioners of a district organized thereunder to alter, deepen and improve any ·and all natural drains and water courses in violation of section 90, paragraph "Q" of the Constitution of the state of Mississippi?

Counsel seems to concede that the drainage commissioners are authorized by the above section to improve the natural drains and natural water courses.   Whether this is conceded or not we submit that by this statute, clearly the commissioners have such authority.

We are met with the contention that this law is unconstitutional under section 90, paragraph "A" of the constitution.   This section provides: "The legislature shall not pass local, private, or special laws in any of the following enumerated cases, but such matters shall be provided for only by general laws namely,

. . . . .

Q. Relating to stock laws, water courses and fences, Constitution, sec. 90.

The cause of *Ex parte Drainage Commissioners,* 100 Miss. 821, was a case in which an effort was made to combine the forces of two drainage districts improving a natural water course.   The statute there involved as the court

said, conferred no power upon the commissioners to deal with natural water courses. The present statute does not confer power to deal with natural water courses, and for that reason this case is not in point.

The act in question is not a special act. Chapter 30 of the Code of 1906, as originally written was a special act because of section 1727 thereof, which is as follows: "The law is not local, it is not special, it is not private, it is a law applying to every county and every locality in the state." *Cox* v. *Wallace,* 100 Miss. 525-527.

Was an election necessary under section 2, Laws of Mississippi, 1918, chapter 309? The money to be collected from landowners in a drainage district created under a statute like the one here in question for the purpose of paying the expenses of creating and maintaining the district is a local assessment and not a tax within the meaning of our constitution and statutes. *Edwards House Co.* v. *Jackson,* 91 Miss. 429, 45 So. 14; *Daily* v. *Swope,* 47 Miss. 369; *Insurance Agency* v. *Cole,* 87 Miss. 637, 40 So. 228; *Vasser* v. *George,* 47 Miss. 713, *Cos* v. *Wallace,* 100 Miss. 525, 56 So. 461; *Alcorn* v. *Hamer,* 38 Miss. 653; *Jones* v. *Drainage District,* 102 Miss. 796, 59 So. 921; *Town of Macon* v. *Patty,* 57 Miss. 378, 34 Am. St. Rep. 451; *Nugent* v. *Jackson,* 72 Miss. 1040, 18 So. 493; *Locke* v. *Dantzler Lumber Co.,* 81 So. 175; *Houston* v. *Mayo,* 82 So. 334.

We respectfully submit that in this case no reason appears for a reversal, that is assigned or that is of record, and that this case having been appealed to this court, that the appellees are entitled to have it affirmed.

ANDERSON, J., delivered the opinion of the court.

This is a petition by the drainage commissioners of the Ellsberry drainage district of Leflore county, filed in the chancery court of that county, asking the court to make a decree ratifying and confirming the action of said drainage commissioners in reassessing and reapportioning the benefits to the lands in said district, which it is alleged will

accrue in carrying out a certain drainage project set out in the petition; and also the action of said drainage commissioners in providing for the issuance of the bonds of said district for the purpose of paying the expenses of such improvement. There was a decree in the court below, ratifying and confirming the action of the drainage commissioners, from which decree the appellant, a landowner in said district, prosecutes this appeal.

The bill sets out in substance the following facts: That the Ellsberry drainage district was organized in 1907 under chapter 39, Code of 1906, and drainage commissioners for said district, appointed in accordance with the statute, assessed the benefits to the lands in the district which would accrue by the improvement then contemplated and later carried out by the commissioners; that the bonds of the district were issued and sold and the proceeds applied to meet the expenses of the channels and drains then dug by the commissioners; that since that work was done the main drains and ditches have come to be in a very bad condition by reason of deposits of silt and debris therein, and also by the growth of weeds and undergrowth in the bottoms and sides thereof, and by reason of the fact that in many places the banks of such ditches have sloughed off and caved in; that in many places the drains and ditches are so clogged that the flow of the water therein is greatly impeded; that in part this was caused by the failure of the former commissioners of said district to have said drains and ditches dug according to the grade and scale planned by the engineer; that as a result even when the waters are not high they overflow said drains and ditches, and render the lands in said district to a large extent unfit for cultivation, and the entire district unhealthy and unsanitary; that unless such drains and ditches are cleaned out at an early date the benefit of the drainage system as designed will be entirely lost to the owners of the land in said district; that the main channel in said drainage district drains into Turkey bayou, thence through Hotellum brake (both of which are natural water courses) into Quiver river; that

it is not only necessary to alter, deepen, and improve the drains and ditches already in existence in said district, but also to alter, deepen, and improve the drainage through Turkey bayou and Hotellum brake into Quiver river, in order that a complete system of drainage may exist, for agricultural and sanitary purposes; that said commissioners have found it necessary to that end to levy an assessment upon the lands of said district in the amount of forty-five thousand nine hundred forty two dollars and forty cents, that the first assessment of benefits in said district did not contemplate such an extensive ditching and draining of said district as has since been found necessary, and now proposed to be carried out; and in estimating the benefits said drainage commissioners only considered the improvement then contemplated and afterwards carried out. There is attached to the bill as an exhibit thereto the proceedings of the drainage commissioners, making a reassessment and reapportionment of benefits which will accrue to the lands of said district by the additional drainage proposed, and providing for the issuance of the bonds of the district in the sum of forty-five thousand dollars. These proceedings were had under chapter 39, Code of 1906, and amendments thereto (chapter 196, Laws of 1912; section 4264 to 4332, inclusive, Hemingway's Code), and as specially authorizing the reassessment and reapportionment of benefits, section 1712, chapter 39, Code of 1906 (section 4301, Hemingway's Code), and section 1723a, chapter 39, Code 1906, as added by Laws 1912, chapter 196 (section 4315, Hemingway's Code).

It is contended on behalf of the appellant that the drainage commissioners had no authority of law to reassess and reapportion the benefits against the lands of said drainage district and issue bonds against the same for the purpose of cleaning out, straightening, and deepening Turkey bayou and Hotellum brake, natural water courses, so as to drain into Quiver river; that the drainage commissioners have no authority to so deal with a natural water course as to materially change the flow and course of its waters,

as is proposed to be done with reference to these two natural water courses.

. The appellant concedes that chapter 39, section 1683, Code of 1906, as amended by chapter 196, Laws of 1912 (chapter 99, section 4264, Hemingway's Code), expressly authorizes the drainage commissioners to do the very character of work contemplated with reference to these two natural water courses. That section, among other things, provides that drainage commissioners shall have the power 'to alter, deepen or improve, any and all natural drains and water courses as it may be necessary to alter, deepen or improve for the purpose of carrying out its purposes, so that a complete system of such drains may exist in the district for agricultural or sanitary purposes, or both, and may also, in addition to the construction of such drains, construct or erect such levees over the lands of others, or over the lands to be acquired by the drainage district or commission for that purpose, as may be necessary to protect or reclaim any lands from overflow from any source. The provisions of this section, as now amended, are hereby made applicable to all drainage districts which may have heretofore been organized under the provisions of chapter 39 of the Mississippi Code of 1906." . But appellant contends that this statute is unconstitutional because it is a local statute dealing with natural water courses, and to sustain that position the case of *Belzoni Drainage Commission* v. *Winn*, 98 Miss. 359, 53 So. 778, is cited. By an examination of that case it will be seen that the statute the court was dealing with there was chapter 183, Laws of 1910, which was purely and simply a local act creating the Belzoni drainage district. The court held the act unconstitutional because violative of paragraph (q), section 90, of the Constitution, which prohibits the legislature from passing any local, private, or special laws "relating to,  .  .  .  water courses," etc; that the act in question was a special or local law creating that particular drainage district and providing for drainage by artificial drains, and in addition by the straightening and shortening of natural drains.

When the Ellsberry drainage district was organized in 1907, chapter 39, Code of 1906, the act under which it was formed, was a local act, because in section 1727, the last section in the chapter, the counties of Sharkey, Issaquena, Lauderdale, Amite, Wilkerson, Claiborne, Warren, Chickasaw, Tippah, and Union were expressly excepted from its provisions. Under that law as it then stood, as held in *Belzoni Drainage Commission* v. *Winn, supra,* if the statute had conferred the power to deal with natural water courses, it would have violated the provision of the Constitution in question. However, chapter 39, Code of 1906, and amendments thereto (chapter 196, Laws of 1912; sections 4264 to 4332, inclusive, Hemingway's Code), which now governs this drainage district, is a general law, because in section 12, chapter 196, Laws of 1912 (section 4320, Hemingway's Code), section 1727, Code of 1906, which excepted the counties above named, is expressly repealed. Therefore we have here a general law applying to all counties and all parts of the state and any and all drainage districts organized under it, which expressly authorizes the commissioners to deal with natural water courses as is contemplated in the present case. The court is therefore of the opinion that there is no merit in the constitutional objections urged against this statute.

It is contended that the bonds, the issuance of which was provided for by the commissioners, whose action in so doing was ratified and confirmed by the decree of the court appealed from, are invalid because not authorized by a majority of the electors of the drainage district, as required by section 2, chapter 209, Laws of 1918, which provides:

"That no interest-bearing debt, except as provided in section 1 of this act shall be incurred in any county, municipality or other taxing district, unless authorized by a majority of the electors who shall vote in an election called for that purpose," etc.

There is no merit whatever in this contention. The court has decided this identical question in *Huston* v. *Mayo,* 120 Miss. 523, 82 So. 334, in which it was held that a drainage

district was not a municipality nor taxing district in the meaning of this statute; therefore it had no application to such districts.

*Affirmed and remanded.*